NOT FOR PUBLICATION                                    [Dkt. Ent. 13]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTIANE M. TUONI,<br><br>            Plaintiff,<br><br>    v.<br><br>ELECTRONIC EVIDENCE DISCOVERY INCORPORATED, n/k/a DATICON EED,<br><br>            Defendant. | Civil No. 10-2235 (RMB/JS)<br><br>**MEMORANDUM AND ORDER** |

APPEARANCES:

Robert C. Thurston, Esquire
Lewis Brisbois Bisgaard & Smith
550 West Adams Street, Suite 300
Chicago, Illinois 60661
      Plaintiff's Counsel

Ronald V. Sgambati, Esquire
Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
      Defendant's Counsel

**BUMB**, UNITED STATES DISTRICT JUDGE:

THIS MATTER comes before the Court upon plaintiff Christiane M. Tuoni's (the "Plaintiff's") motion for reconsideration of this Court's December 23, 2010 Order, granting the defendant's motion

1

to transfer this case to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a) (the "Transfer Order").  [Dkt. Ents. 12-13.]  Additionally, Plaintiff now for the first time urges the Court to transfer this matter to the District of Delaware, the District of Columbia, or the Southern District of New York.  (Pl.'s Recons. Br. 5.)  For the reasons set forth herein, Plaintiff's motion for reconsideration is denied.

### BACKGROUND

The Court need not recite the underlying facts in great detail, as they are already set forth in the previous opinion granting Defendant's motion to transfer ("Transfer Opinion"). Defendant is a litigation support vendor providing software and services to the legal industry.  (Compl. ¶ 9.)  Defendant was a Washington corporation with its principal place of business in Kirkland, Washington, and offices in Norwich, Connecticut, New York, New York, and Washington, D.C.  (Id. ¶¶ 2-4, 10.)  In September 2010, during the pendency of Defendant's motion to transfer, Defendant's company was acquired by Document Technologies, Inc., which is headquartered in Atlanta, Georgia. (Thurston Cert. Ex. A; Def.'s Opp. Br. 13 n.9.)  Nevertheless,

Defendant maintains that it is still "headquartered in Kirkland, Washington," and still maintains additional offices in Norwich, Connecticut, New York, New York, and Washington, D.C.  (Koznek Cert. ¶¶ 4-5.)

Plaintiff accepted an offer of employment with Defendant in February 2005, for the position of Regional Director.  (Compl. ¶¶ 13, 16.)  Her job responsibilities included "sales on behalf of [Defendant] 'throughout the northeastern United States with the territory to be determined' . . . ."  (Id. ¶ 14.)  Plaintiff primarily worked from her home in Wilmington, Delaware, but was secondarily assigned to Defendant's Washington, D.C. office. (Id. ¶ 20.)  Her territory varied throughout her employment, but generally stretched from Massachusetts to South Carolina.  (Id. ¶ 21.)  Plaintiff alleges that discriminatory conduct by Defendant and its employees between July and October 2008 ultimately forced her to resign.  (Id. ¶¶ 24-37.)  She filed this action on May 4, 2010, alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Delaware Employment Practices Act, and breach of contract.

On July 6, 2010, Defendant filed a motion to transfer venue to the United States District Court for the Western District of Washington pursuant to Federal Rule of Civil Procedure 12(b)(3),

the parties' forum selection clause, and 28 U.S.C. §§ 1404(a) and 1406.  On December 23, 2010, this Court granted Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) after considering the private and public interest factors.  The Court noted the lack of any connection to New Jersey – the parties and potential witnesses lived and worked elsewhere, few, if any, of the operative facts had occurred here, and only a small fraction of Plaintiff's former clients (between 2 and 16%) had resided here.  (Transfer Opinion 7, 11-12 & n.2.)  After acknowledging the matter's substantial connection to Washington and Plaintiff's decision not to seek a transfer to her home state of Delaware, the Court concluded that the relevant factors weighed in favor of a transfer to Washington.

On December 28, 2010, five days after the Court's Opinion issued on December 23, the Clerk of this Court extracted the files of this case via CM/ECF and sent them to the Western District of Washington.  [See Clerk's Dkt. Ent., Dec. 28, 2010 ("Clerk's Note: Case extracted via CM/ECF to the W.D. of Washington.")]  On December 29, 2010, the United States District Court for the Western District of Washington opened the matter as Civil Action No. 10-2084. [See Clerk's Dkt. Ent., Dec. 29, 2010 ("Clerk's Note: Case transferred from New Jersey has been opened

in United States District Court for the Western District of Washington as case 2:10-cv-02084, filed 12/28/2010.").]  One week later, on January 5, 2011, Plaintiff filed a motion for reconsideration of the Transfer Opinion.  Defendant filed its opposition on January 24, 2011.  Plaintiff improperly submitted a reply, to which Defendant correctly objected under Local Rule 7.1(d)(3), which provides that, "No reply papers shall be filed on a motion for reconsideration pursuant to L.Civ.R. 7.1(i) . . . unless the Court otherwise orders."  Since the Court did not grant Plaintiff permission to file a reply, it does not consider this submission.

## DISCUSSION

This Court clearly lacks jurisdiction to consider Plaintiff's motion for reconsideration.  It is well settled that when a motion for transfer under 28 U.S.C. § 1404(a) "has been granted, and the papers lodged with the clerk of the transferee court . . . the transferor court . . . loses all jurisdiction over the case and may not proceed further with regard to it."  15 Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction</u> 3d § 3846; <u>see</u> <u>White v. ABCO Eng'g Corp.</u>, 199 F.3d 140, 143 n.4 (3d Cir. 1999) ("A transfer is typically deemed to

be complete when the files are lodged in the transferee court."); Hudson United Bank v. Chase Manhattan Bank of Conn., N.A., 43 F.3d 843, 845 n.4 (3d Cir. 1994). Here, the record was transferred to the Western District of Washington on December 28-29, 2010, at least a week before Plaintiff filed the instant motion on January 5, 2011. Indeed, Plaintiff's counsel was advised of this transfer on December 28, 2010. [Civ. No. 10-2084 (W.D. Wash.), Dkt. Ent. 14.] This case has been docketed as Civil Action No. 10-2084 and assigned to the Honorable Richard A. Jones, who issued a scheduling order in this matter on January 12, 2010. [Civ. No. 10-2084 (W.D. Wash.), Dkt. Ent. 16.] Importantly, Plaintiff did not seek a stay of the Transfer Order pending the filing of her reconsideration motion. Accordingly, this Court has been divested of jurisdiction to hear Plaintiff's motion for reconsideration.[1]

---

[1] Even if the Court did have jurisdiction to hear Plaintiff's motion for reconsideration, the circumstances likely do not warrant this "extraordinary remedy." Bracket v. Ashcroft, Civ. No. 03-3988, 2003 U.S. Dist. LEXIS 21312, *5 (D.N.J. Oct. 7, 2003) ("[R]econsideration is an extraordinary remedy that is granted 'very sparingly' . . . .") (internal citation omitted). While the Court is sympathetic to Plaintiff's health concerns, it may not consider arguments Plaintiff could have raised earlier (under seal, if necessary) but did not, such as Plaintiff's assertion that her poor health will make air travel difficult or that potential "customer-witnesses" may reside in New Jersey. NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") Further, the Court need not reconsider arguments already made regarding the unenforceability of the forum selection clause, since the Court determined that the 1404(a) factors weighed greatly in favor of transfer, particularly given the substantial connection to Washington and the lack of a connection to New Jersey. Although Plaintiff now

**CONCLUSION AND ORDER**

For all the reasons stated herein,

IT IS on this, the **8th** day of **February 2011**, hereby

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

argues that Seattle is no longer Defendant's principal place of business and that Defendant's parent company has an office in Newark, New Jersey, (Pl.'s Recons. Br. 6-8), it is unclear that this affects the 1404(a) analysis, since it appears that Washington is still Defendant's headquarters (if not its parent company's), the relevant witnesses and records are still located there, and the relevant decisions regarding Plaintiff's employment were made there. (Kozneck Cert. ¶¶ 4-6 n.1.)